**Petition of BOUBOULIS.**

**No. 13710.**

United States District Court
E. D. Louisiana. New Orleans Division.

Dec. 20, 1950.

G. Wray Gill, New Orleans, for petitioner.

WRIGHT, District Judge.

The petitioner, a citizen and national of Greece, age fifty-two years, filed his petition for naturalization on March 14, 1950, claiming the exemptions of Section 325 of the Nationality Act of 1940, 8 U.S.C.A. § 725. The question presented is whether the petitioner has established honorable service for an aggregate period of at least five years aboard vessels of the type mentioned in Section 325(a) of the Nationality Act so as to be eligible under the exemptions provided for in that section.

No claim is made of marriage to an American citizen and no certificate of arrival or declaration of intention was filed with the petition for naturalization. The record further discloses that the petitioner was never lawfully admitted to the United States for permanent residence and that he last entered the United States at Mobile, Alabama, on January 8, 1950, as a seaman. He was admitted under Section 3(5) of the Immigration Act of 1924, 8 U.S.C.A. § 203 (5), for a period of not exceeding twenty-nine days and has stayed in the United States beyond the period of his admission.

Petitioner filed with his petition an affidavit showing his service as a seaman aboard the vessels upon which he bases his claim for exemptions under Section 325 of the Nationality Act of 1940.[1] The affidavit states that petitioner served on vessels of the United States from June 16, 1942 to December 13, 1945, and on vessels of more than twenty tons burden owned by wholly owned foreign subsidiaries of the United Fruit Company, an American corporation, from May 22, 1946 to January 11, 1950. The record shows that these latter vessels flew foreign flags, had home ports in a foreign country, and signed their crews on and off at their home ports.

Section 325(a) of the Nationality Act of 1940 provides that a person who has served honorably for an aggregate period of at least five years (1) on board any vessel of the United States Government, other than in the United States Navy, Marine Corps or Coast Guard, or (2) on board vessels of more than twenty tons burden whether or not documented under the laws of the United States but whose home port is in the United States, may be naturalized without having resided continuously in the United States for at least five years immediately preceding the date of filing his petition for naturalization. Section 325(b) provides that no declaration of intention or certificate of arrival and no period of residence within the United States or any state shall be required of such person.

It is obvious that petitioner's service from June 16, 1942 to December 13, 1945 on vessels of the United States Government is the type of service contemplated by Section 325. That service, however, amounts to three years, four months and twenty-five days and unfortunately his service on board the foreign vessels owned by subsidiaries of the United Fruit Company cannot be added to that total for the reason that the home port of each of these vessels is not in the United States. United States v. Camean, 2 Cir., 174 F.2d 151; Sec-

1. Title 8, § 725, United States Code Annotated.

tion 325(a) Nationality Act of 1940, Title 8, § 725(a), United States Code Annotated.

Petitioner therefore is not entitled to the exemptions provided in Section 325 of the Nationality Act of 1940 and his application for naturalization must be denied for failure to establish continuous legal residence in the United States for the period required by law, and for the further reason that he filed with his petition no certificate of arrival or declaration of intention.

It is so ordered.